# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| JONATHAN JOSHUA CARMONA, | ) | |
| Petitioner, | ) | 3:11-cv-00070-ECR-RAM |
| vs. | ) | **ORDER** |
| NDOC DIRECTOR, *et al.*, | ) | |
| Respondents. | ) | |

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner.

On April 25, 2011, respondents filed an answer to the petition, as well as exhibits. (ECF No. 6, 7, 8, and 9). Concurrent with the filing of the answer, respondents brought a motion for leave file a document under seal. (ECF No. 10). Respondents seek to file under seal a psychological evaluation report containing confidential information regarding petitioner, and filed the psychological report under seal for *in camera* review. (ECF No. 11).

There is a strong presumption in favor of public access to judicial filings and documents. *See Nixon v. Warner Communication, Inc.*, 435 U.S. 589, 597 (1978); *see also Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1134 (9th Cir. 2003). The court has inherent power over its own records and files,

1  and access may be denied where the court determines that the documents may be used for improper
2  purposes." *Nixon v. Warner Comm., Inc.*, 435 U.S. at 598; *Hagestad v. Tragesser*, 49 F.3d 1430,
3  1433-34 (9th Cir. 1995); *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir.
4  2006).

5        The Ninth Circuit distinguishes between dispositive and nondispositive pleadings and
6  motions in terms of the showing required to seal a document.  For a document filed with a
7  dispositive motion, "compelling reasons" must be shown to justify sealing the document.  *Kamakana*
8  *v. City and County of Honolulu*, 447 F.3d at 1179-89.  In contrast, for documents filed with non-
9  dispositive motions, a "good cause" showing will suffice to keep the records sealed.  *Id.*  This is
10  based on the reasoning that the public has less need for access to records that are merely tangentially
11  related to the underlying cause of action.  *Id.* at 1179.  A showing of good cause generally requires a
12  specific description of the particular document(s) sought to be sealed and a showing that disclosure
13  of such documents would work a "clearly defined and serious injury."  *Pansy v. Borough of*
14  *Stroudsburg*, 23 F.3d 772, 776 (3rd Cir. 1994).  Where good cause is shown for a protective order, the
15  court must balance the potential harm to the moving party's interests against the public's right to
16  access the court files.  *Kamakana v. City and County of Honolulu*, 447 F.3d at 1179-89.

17        The psychological report of petitioner was submitted in support of respondents' answer.
18  (ECF No. 6 and No. 11).  The answer is a dispositive filing and therefore respondents must show
19  "compelling reasons" to keep the document sealed.  *Kamakana v. City and County of Honolulu*, 447
20  F.3d at 1179-89.  This Court has reviewed the psychological evaluation report submitted under seal.
21  (ECF No. 11).  The psychological evaluation report contains confidential information concerning
22  petitioner.  This Court notes that the psychological report was filed under seal during state court
23  proceedings.  (Exhibit 14 to Answer).  On balance, the potential harm to both respondents' and
24  petitioner's interests outweighs the public's right to access the psychological  report.  Respondents
25  have made an adequate showing of compelling reasons to keep the psychological report of petitioner
26

sealed. Accordingly, the Court grants respondents' motion to seal petitioner's psychological report. The psychological report, which was submitted for *in camera* review at ECF No. 11, will remain sealed.

**IT IS THEREFORE ORDERED** that respondents' motion to seal petitioner's psychological report (ECF No. 10) is **GRANTED.** The Clerk of Court shall keep petitioner's psychological report (ECF No. 11) under seal.

Dated this 2nd day of May, 2011.

*Edward C. Reed*
UNITED STATES DISTRICT JUDGE