UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JONATHAN JOSHUA CARMONA,<br><br>Petitioner,<br>v.<br><br>NDOC DIRECTOR, et al.,<br><br>Respondents. | Case No. 3:11-cv-00070-MMD-WGC<br><br>ORDER |

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. This matter comes before the Court on the merits of the petition.

I. **PROCEDURAL HISTORY**

On December 12, 2007, in the Second Judicial District for the State of Nevada, petitioner was charged with five counts of robbery with the use of a firearm and one count of burglary. (Exhibit 4.)[1] Petitioner pled guilty to the five counts of robbery with the use of firearm. (Exhibit 8.) Petitioner was sentenced on each five counts to a minimum term of 35 months to a maximum term of 120 months imprisonment, with a like consecutive sentence of a minimum term of 35 months to a maximum term of 120 months imprisonment for the use of a firearm, as to each of the five counts. (Exhibit 16.) All counts are to run consecutively. (*Id.*)

Petitioner appealed his conviction to Nevada Supreme Court. (Exhibit 17.) In his direct appeal, petition raised a claim that the sentence imposed by the district court was excessive and an abuse of discretion. (Exhibit 21.) On February 26, 2009, the Nevada

---

[1] The exhibits referenced in this order are found in the Court's record at dkt. nos. 7-9.

Supreme Court affirmed the conviction. (Exhibit 24.) Remittitur issued on March 24, 2009). (Exhibit 25.)

On February 4, 2010, petitioner filed a post-conviction habeas petition in the state district court, alleging several instances of ineffective assistance of trial counsel. (Exhibit 27.) The state district court denied the petition by written order filed June 24, 2010. (Exhibit 34.) Petitioner appealed the denial of his state habeas petition. (Exhibit 42.) In his opening brief, petitioner alleged several instances of ineffectiveness of counsel. (Exhibit 51, at pp. 2-5.) Petitioner also attached the state habeas petition to his appeal. (Exhibit 51, at Exhibit B.) The Nevada Supreme Court affirmed the denial of petitioner's state habeas petition on January 13, 2011. (Exhibit 54.) Remittitur issued on February 7, 2011. (Exhibit 55.)

Petitioner dispatched his federal habeas petition to this Court on January 31, 2011. (Dkt. no. 4, at p. 1.) The federal petition raises three grounds for relief: (1) Petitioner's sentence is excessive in violation of the Eighth Amendment; (2) petitioner's counsel was ineffective in violation of the Sixth Amendment, as set forth in Exhibit A (petitioner's state habeas petition); and (3) petitioner's conviction or sentence is unconstitutional due to a violation of his First Amendment right to a direct appeal. (Dkt. no. 4.) Respondents filed the answer to the petition on April 25, 2011. (Dkt. no. 6.) Petitioner filed his reply/traverse to the answer on June 22, 2011. (Dkt. no. 16).

II. **FEDERAL HABEAS CORPUS STANDARDS**

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), at 28 U.S.C. § 2254(d), provides the legal standard for the Court's consideration of this habeas petition:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

2

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693-694 (2002). A state court decision is contrary to clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254, "if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Supreme Court's] precedent." *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003) (*quoting Williams v. Taylor*, 529 U.S. 362, 405-406 (2000) and citing *Bell v. Cone*, 535 U.S. 685, 694 (2002)). The formidable standard set forth in section 2254(d) reflects the view that habeas corpus is "'a guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 562 U.S. ___, ___, 131 S.Ct. 770, 786 (2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979)).

A state court decision is an unreasonable application of clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254(d), "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Lockyer v. Andrade*, 538 U.S. at 75 (*quoting Williams*, 529 U.S. at 413). The "unreasonable application" clause requires the state court decision to be more than merely incorrect or erroneous; the state court's application of clearly established federal law must be objectively unreasonable. *Id.* (*quoting Williams*, 529 U.S. at 409). In determining whether a state court decision is contrary to, or an unreasonable application of federal law, this Court looks to the state courts' last reasoned decision. *See Ylst v.*

///

3

*Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000), *cert. denied*, 534 U.S. 944 (2001).

In a federal habeas proceeding, "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). If a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the burden set forth in § 2254(d) and (e) on the record that was before the state court. *Cullen v. Pinholster*, 131 S.Ct. 1388, 1400 (2011).

## III. DISCUSSION

### A. Ground 1

In Ground 1, petitioner alleges that his "100 year sentence" is excessive in violation of the Eighth Amendment. (Dkt. no. 4, at p. 3.) Petitioner does not assert that his punishment is inherently barbaric or cruel, nor does he challenge the constitutionality of the statute under which he was convicted. (*Id.*)

The United States Supreme Court has held that the Eighth Amendment contains a "narrow proportionality principle." *Graham v. Florida*, 560 U.S. 48, 59-60 (2010) (internal quotation marks omitted). This principle "does not require strict proportionality between the crime and the sentence but rather forbids only extreme sentences that are grossly disproportionate to the crime." *Id.* (internal quotations omitted).

In addressing petitioner's Eighth Amendment claim, the Nevada Supreme Court held:

> Carmona contends that the sentence imposed by the district court is excessive and an abuse of discretion given the facts of the case and the nature of the defendant. Carmona cites to the dissent in Tanksley v. State, 113 Nev. 844, 944 P.2d 240 (1997) (Rose, J., dissenting), and the concurrence in Santana v. State, 122 Nev. 1458, 148 P.3d 741 (2006) (Rose, J., concurring), in support of his argument. Carmona argues that the case should be remanded to the district court "with instructions to re-sentence [him] to concurrent time." We disagree.
>
> This court has consistently afforded the district court wide discretion in its sentencing decision. See Houk v. State, 103 Nev. 659, 664, 747 P.2d

> 1376, 1379 (1987). This court will refrain from interfering with the sentence imposed "[s]o long as the record does not demonstrate prejudice resulting from consideration of information or accusations founded on facts supported only by impalpable or highly suspect evidence." Silks v. State, 92 Nev. 91, 94, 545 P.2d 1159, 1161 (1976). A sentence within statutory limits is not cruel and unusual punishment where the statute itself is constitutional and the sentence is not so unreasonably disproportionate to the crimes as to shock the conscience. Blume v. State, 112 Nev. 472, 475, 915 P.2d 282, 284 (1996).
>
> We conclude that the district court did not abuse its discretion at sentencing and the sentence imposed is not excessive or disproportionate to the crimes. In the instant case, Carmona committed five separate armed robberies over a period of ten days, including a carjacking at gunpoint from a mother and her small children. At sentencing, the district court noted that Carmona previously served a prison term for a crime of violence with the use of a deadly weapon. Carmona does not claim that the district court relied on impalpable or high suspect evidence or that the relevant statutes are unconstitutional. And the sentences imposed are within the statutory parameters. See NRS 200.380(2) and 193.165.

(Exhibit 24, at pp. 1-2).

The Nevada Supreme Court correctly denied petitioner's Eighth Amendment claim. The Court stated that a criminal sentence may not be unreasonably disproportionate as to shock the conscience, and the Court engaged in an analysis of the gravity of petitioner's offenses with the severity of the punishment imposed. Petitioner was sentenced on each five robbery counts to a minimum term of 35 months to a maximum term of 120 months imprisonment, with a like consecutive sentence of a minimum term of 35 months to a maximum term of 120 months imprisonment for the use of a firearm, as to each of the five counts. (Exhibit 16.) All counts are to run consecutively. (*Id.*) Petitioner expresses his disappointment that the judge ordered his sentences to run consecutively, however, this decision was within statutory guidelines and was within the discretion of the state court judge. The decision of the Nevada Supreme Court is supported by United States Supreme Court cases that have upheld harsher sentences for less serious crimes than in the instant case. *See, e.g. Ewing v. California*, 538 U.S. 11 (2003) (upholding 25-year sentence of habitual criminal defendant for stealing three golf clubs, holding that the states may dictate how they wish to deal with recidivism issues); *Lockyer v. Andrade*, 538 U.S. 63 (2003) (upholding 50-years-to-life sentence for stealing $150 of videotapes under California's three-strikes

law); *Hutto v. Davis*, 454 U.S. 370 (1982) (upholding 40-year prison sentence where defendant was convicted of possession with intent to sell nine ounces of marijuana); *Rummel v. Estelle*, 445 U.S. 263 (1980) (upholding life sentence where defendant was repeat offender and committed third felony of stealing $120). Petitioner has failed to meet his burden of proving that the Nevada Supreme Court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the ruling was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Ground 1 of the federal habeas petition is denied as meritless.

### B.  Ground 2

Ground 2 of the federal habeas petition incorporates by reference several claims of ineffective assistance of counsel, as asserted in petitioner's state habeas petition. (Dkt. no. 4, at p. 5; Exhibit A.)

#### 1.  Ineffective Assistance of Counsel Standard

Ineffective assistance of counsel claims are governed by the two-part test announced in *Strickland v. Washington*, 466 U.S. 668 (1984). In *Strickland*, the Supreme Court held that a petitioner claiming ineffective assistance of counsel has the burden of demonstrating that (1) counsel's performance was unreasonably deficient, and (2) that the deficient performance prejudiced the defense. *Williams v. Taylor*, 529 U.S. 362, 390-391 (2000) (*citing Strickland*, 466 U.S. at 687). To establish ineffectiveness, the defendant must show that counsel's representation fell below an objective standard of reasonableness. *Id.* To establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* A reasonable probability is "probability sufficient to undermine confidence in the outcome." *Id.* Additionally, any review of the attorney's performance must be "highly deferential" and must adopt counsel's perspective at the time of the challenged conduct, in order to avoid the distorting effects of hindsight. *Strickland*, 466 U.S. at 689. It is the petitioner's burden to

overcome the presumption that counsel's actions might be considered sound trial strategy. *Id.*

Ineffective assistance of counsel under *Strickland* requires a showing of deficient performance of counsel resulting in prejudice, "with performance being measured against an 'objective standard of reasonableness,'. . . 'under prevailing professional norms.'" *Rompilla v. Beard,* 545 U.S. 374, 380 (2005) (quotations omitted). If the state court has already rejected an ineffective assistance claim, a federal habeas court may only grant relief if that decision was contrary to, or an unreasonable application of the *Strickland* standard. *See Yarborough v. Gentry,* 540 U.S. 1, 5 (2003). There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.*

The United States Supreme Court has described federal review of a state supreme court's decision on a claim of ineffective assistance of counsel as "doubly deferential." *Cullen v. Pinholster,* 131 S.Ct. at 1403 (*quoting Knowles v. Mirzayance,* 556 U.S. 111, 112-113, 129 S.Ct. 1411, 1413 (2009)). In *Cullen v. Pinholster,* the Supreme Court emphasized that: "We take a 'highly deferential' look at counsel's performance . . . . through the 'deferential lens of § 2254(d).'" *Id.* at 1403 (internal citations omitted). Moreover, federal habeas review of an ineffective assistance of counsel claim is limited to the record before the state court that adjudicated the claim on the merits. *Cullen v. Pinholster,* 131 S.Ct. at 1398-1401. The United States Supreme Court has specifically reaffirmed the extensive deference owed to a state court's decision regarding claims of ineffective assistance of counsel:

> Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both "highly deferential," *id.* at 689, 104 S.Ct. 2052; *Lindh v. Murphy,* 521 U.S. 320, 333, n.7, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), and when the two apply in tandem, review is "doubly" so, *Knowles,* 556 U.S. at ___, 129 S.Ct. at 1420. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. 556 U.S. at ___, 129 S.Ct. at 1420. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under §

7

2254(d). When § 2254(d) applies, the question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard.

*Harrington v. Richter*, 131 S.Ct. at 788. "A court considering a claim of ineffective assistance of counsel must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." *Id.* at 787 (*quoting Strickland*, 466 U.S. at 689). "The question is whether an attorney's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practices or most common custom." *Id.* (internal quotations and citations omitted).

The application of the *Strickland* test where ineffectiveness of counsel is alleged to invalidate a plea has been defined as follows:

> [T]he two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel. In the context of guilty pleas, the first half of the *Strickland v. Washington* test is nothing more than a restatement of the standard of attorney competence already set forth in *Tollett v. Henderson, supra*, and *McMann v. Richardson, supra*. The second, or "prejudice," requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

*Hill v. Lockhart*, 474 U.S. 52, 58 (1985). The modified *Strickland* prejudice standard in guilty plea cases asks whether there is a probability that, but for counsel's alleged errors, defendant would not have pleaded guilty, but would have insisted on going to trial. *Langford v. Day*, 110 F.3d 1380, 1387 (9th Cir. 1997).

### 2. Claim that Counsel Gave False Assurances

Petitioner claims that his counsel was ineffective by allegedly providing false assurances that the trial judge would not impose a 20-year minimum and that the sentences for some of the counts would run concurrently. (Dkt. no. 4, at pp. 19-20.) Petitioner also asserts that his counsel failed to advise him that parole and probation would make their own sentencing recommendations or that he could be sentenced over

///

the "20 year recommended minimum." (*Id.*, at pp. 20-21.) The Nevada Supreme Court addressed these claims as follows:

> First, appellant claimed that counsel was ineffective for not advising him that he could be sentenced to more than the State's recommended minimum sentence for each count and promising him that sentences for some counts would be run concurrent. Appellant failed to demonstrate prejudice. Appellant's claim is in part belied by the record as the State did not agree to a recommended <u>minimum</u> sentence but rather to a recommended <u>maximum</u> sentence for each count. See <u>Hargrove v. State</u>, 100 Nev. 498, 502-03, 686 P.2d 222, 225 (1984). Further, the State fulfilled its agreement and appellant was not sentenced to more than the State's recommended maximum sentence for each count. Moreover, appellant acknowledged in his guilty plea memorandum and during his plea canvass that he understood the potential sentences he could receive, that they could run concurrent or consecutive, that the sentence was up to the discretion of the district court, and that no one had made him any other promises in exchange for his plea. As the totality of the circumstances demonstrates appellant's plea was entered into knowingly, voluntarily and intelligently, appellant failed to demonstrate a reasonable probability that, but for any promises counsel may have made, he would not have pleaded guilty but would have insisted on going to trial. See generally <u>State v. Langarica</u>, 107 Nev. 932, 822 P.2d 1110 (1991). We therefore conclude that the district court did not err in denying this claim.

(Exhibit 54, at pp. 2-3).

The Nevada Supreme Court correctly denied petitioner's claim of ineffective assistance of counsel. Petitioner has not pointed to any record evidence to support his assertions that counsel provided him with false assurances or failed to properly advise him with respect to the potential punishment under the plea agreement. And, even assuming these allegations were true, petitioner has not shown that there is a reasonable probability that, but for the actions of counsel, he would have not pleaded guilty. *Hill v. Lockhart*, 474 U.S. at 58. Petitioner has failed to meet his burden of proving that the Nevada Supreme Court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the ruling was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. This claim within Ground 2 of the federal habeas petition is without merit and is denied.

///

///

### 3. Claim that Counsel Postponed Sentencing and Failed to Present Mitigation Evidence

Petitioner asserts that his counsel was ineffective for postponing his sentencing and for allegedly failing to present mitigation evidence. (Dkt. no. 4, at pp. 21-23.) The Nevada Supreme Court addressed these claims as follows:

> [A]ppellant claimed that counsel was ineffective at sentencing for postponing his first hearing in order to avoid appellant be sentenced by Judge Flanagan and for failing to present mitigation evidence. Appellant failed to demonstrate deficiency or prejudice. Appellant's claims were belied by the record, which reflects that counsel requested a continuance so that a psychological evaluation could be completed and that such an evaluation was ultimately completed and submitted in mitigation. [Footnote 2: Appellant offered no explanation for his belief that Judge Flanagan would sentence him. The record indicates that Judge Flanagan neither took appellant's guilty plea nor presided at either of his scheduled sentencing hearings.] See Hargrove, 100 Nev. at 502-03, 686 P.2d at 225. Appellant also failed to specify what additional mitigation evidence counsel should have presented or how it would have affected his sentence. See id. Further, appellant failed to demonstrate that he would have received a different sentence from a different judge. We therefore conclude that the district court did not err in denying these claims.

(Exhibit 54, at pp. 3-4.) The Nevada Supreme Court's resolution of this claim was reasonable. The record indicates that counsel requested that sentencing be postponed to obtain a psychological evaluation. (Exhibit 10, at pp. 4-5.) The record also reflects that the psychological report was presented for the purpose of mitigation at sentencing. (Exhibit 14.) These were strategic decisions by counsel, entitled to deference under *Strickland*. Moreover, petitioner has not shown that he would have received a different sentence from a different judge or specified what additional mitigation evidence counsel should have presented at sentencing. Petitioner has failed to demonstrate that this counsel's performance was deficient or that he was prejudiced. Petitioner has failed to meet his burden of proving that the Nevada Supreme Court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the ruling was based on an unreasonable determination of the facts in light of the evidence presented in the state court

proceeding. This claim within Ground 2 of the federal habeas petition lacks merit and is denied.

### 4. Claim that Counsel Failed to Provide Copy of his Confession or Failed to Communicate with Him

Petitioner asserts that his counsel was ineffective for failing to provide him with discovery materials, including a copy of his confession, and for failing to communicate with him. (Dkt. no. 4, at p. 23.) The Nevada Supreme Court addressed these claims as follows:

> [A]ppellant claimed that counsel was ineffective for failing to provide him with his confession or communicate with him outside the courtroom setting. Appellant failed to demonstrate deficiency or prejudice. Appellant failed to specify what he was unable to communicate with counsel or why he needed a copy of his confession. Further, he failed to demonstrate that, had he had a copy of his confession or spoken with counsel in another setting, there was a reasonable probability that he would not have pleaded guilty but would have insisted on going to trial. We therefore conclude that the district court did not err in denying these claims.

(Exhibit 54, at p. 3.) Petitioner has not cited any record evidence to support his assertions that counsel failed to provide him with a copy of his confession or failed to communicate with him. Even assuming these allegations are true, petitioner has not shown that there is a reasonable probability that, but for the actions of counsel, he would have not pleaded guilty. *Hill v. Lockhart*, 474 U.S. at 58. Petitioner has failed to meet his burden of proving that the Nevada Supreme Court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the ruling was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. This claim is denied as meritless.

### 5. Claim that Counsel Failed to Advise him of his Right to Appeal

Petitioner alleges that his counsel was ineffective for failing to advise him that he had the right to appeal his sentence. (Dkt. no. 4, at p. 22.) The Nevada Supreme Court addressed this claim as follows:

///

> Finally, appellant claimed that counsel was ineffective for failing to advise him of his right to appeal. Appellant failed to demonstrate prejudice, as counsel pursued a timely appeal. See Carmona v. State, Docket No. 51701 (Order of Affirmance, February 26, 2009). We therefore conclude that the district court did not err in denying this claim.

(Exhibit 54, at p. 4). Petitioner has demonstrated neither deficient performance or prejudice, as counsel filed and briefed his direct appeal. (Exhibit 21.) Petitioner has failed to meet his burden of proving that the Nevada Supreme Court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the ruling was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. The Court denies this claim as meritless.

**C.     Ground 3**

Petitioner alleges that his First Amendment constitutional rights were violated because his counsel failed to advise him of the right to a direct appeal. (Dkt. no. 4, at p. 7.) There is no First Amendment constitutional right to a direct appeal. Rather, the denial of the ability to take a direct appeal involves due process violation, a claim that petitioner made in his state habeas petition, and incorporated by reference into Ground 2 of the federal habeas petition.

As respondents' point out, the First Amendment claim in the federal petition regarding counsel's alleged failure to advise him of his right to a direct appeal is not exhausted, because the First Amendment legal theory was never presented to the Nevada Supreme Court. Rather, petitioner's state habeas petition claimed a violation of due process based on the allegation that counsel failed to advise him of his right to a direct appeal. A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. Of Corrections,* 20 F.3d 1469, 1473 (9th Cir. 1994); see also *Koerner v. Grigas,* 328 F.3d 1039, 1046 (9th Cir. 2002) (holding that to satisfy exhaustion, each of petitioner's claims must have been previously presented to the Nevada Supreme Court, with references to a specific constitutional guarantee, as well

as a statement of facts that entitle petitioner to relief). Ground 3 of the federal petition is unexhausted. More importantly, the claim lacks merit. Petitioner had his direct appeal. (Exhibits 21, 24.) Ground 3 of the petition is denied as meritless.

## IV. CERTIFICATE OF APPEALABILITY

District courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. Rule 11(a). In order to proceed with his appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); see also *United States v. Mikels,* 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (quoting *Slack,* 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.* In this case, no reasonable jurist would find this Court's denial of the petition debatable or wrong. The Court therefore denies petitioner a certificate of appealability.

## V. CONCLUSION

It is therefore ordered that the petition for a writ of habeas corpus is denied in its entirety.

It is further ordered that petitioner is denied a certificate of appealability.

It is further ordered that the Clerk of Court shall enter judgment accordingly.

DATED THIS 7th day of February 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE